**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PROPANE RESOURCES SUPPLY<br>& MARKETING, L.L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>PROGAS L.P. & SUPPLY, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. 12-CV-02636-EFM-DJW<br>)<br>)<br>)<br>)<br>) |

**PROTECTIVE ORDER**

UPON the parties' Joint Motion for Protective Order with Memorandum in Support (ECF No. 20) and a finding of good cause pursuant to Fed. R. Civ. P. 26(c),

IT IS HEREBY ORDERED that, with regard to any parties' proprietary documents containing commercial or confidential information, including personal account holder information, social security numbers, FEIN numbers, account numbers, asset information and information contained in reports with the Office of the Comptroller of the Currency, (hereinafter "Confidential Material") disclosed in the course of the above-captioned lawsuit ("Lawsuit") and as reasonably and in good faith believed by the parties to be defined and interpreted as such by law, the following procedures shall govern:

1.  This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, procedural manuals, etc.).

2.  The parties may designate any Confidential Material (as identified above) produced or filed in this Lawsuit as confidential and subject to the terms of this Order by

marking such materials "Confidential."  If any material has multiple pages, this designation need only be placed on the first page of such material.  Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3.          Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit or any other legal proceeding brought by one of the parties to this Lawsuit, and for no other purpose.

4.          Prior to disclosure of any Confidential Material, the disclosing party shall ensure that each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit A) consenting to be bound by the terms of this Order.  The parties and counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.  However, nothing in this Protective Order prevents any party from disclosing Confidential Material to the Court or jury empaneled at the trial of this case, subject to such protections as the Court may order with respect to the treatment of Confidential Material.

5.          Usage Only in Connection with Litigation: Where a party receives Confidential Material as a result of discovery or participation in this civil action, such Confidential Material shall be used solely in connection with the instant proceedings or any other legal proceeding brought by one of the parties to this Lawsuit.  Confidential Material shall be treated as confidential by the Parties and will not be disclosed to anyone except as provided herein.

6.          Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any

person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number).  Upon motion to the Court and a showing that a party breached this Protective Order, the breaching party shall make the written record available to the designating party.

7.	If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

8.	In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order, unless such non-qualifying persons are at the deposition at the invitation of the designating party.  Deposition testimony may be designated as confidential following the testimony having been given provided that: (l) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript.  All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above.  When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

9.	If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall sign the original deposition transcript in the

presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

10.     With respect to any communications to the Court including any pleadings, motions or other papers, the party seeking to file confidential information must comply with D. Kan. Rule 5.4.6. All documents containing Confidential Material shall contain the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." All communications shall indicate clearly which portions are designated to be "Confidential." Any communications containing Confidential Material shall be returned by the other parties to the submitting party upon termination of this Lawsuit and any other legal proceeding brought by one of the parties to this Lawsuit (whether by dismissal or final judgment).

11.     If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or Order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12.     If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13.     Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14.     Due to the large volume of electronic and hard copy data in the possession, custody or control of the parties and the numerous concerns regarding attorney-client privilege and work product protection, a "Clawback" provision is appropriate to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against the inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Material under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as privileged or subject to the work product doctrine at a later date. Any party receiving such information or document shall return it upon request from the producing party. Upon receiving such a request, the receiving party shall return the information or document to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Permitted disclosure of the information or document, as defined above, by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

15.     This Order shall be without prejudice to the right of any party to oppose

production of any information or object to its admissibility into evidence.

16. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

17. Within thirty days after the termination of this Lawsuit and any other legal proceeding brought by one of the parties to this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned by the other parties to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order.  Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

18. After the termination of this Lawsuit, a party may seek leave to reopen the case to enforce the provisions of the Protective Order if the need arises.

19. This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Fed. R. Civ. P. 26(c)(1).

IT IS SO ORDERED.

Dated:  March 25th, 2013.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

# CONFIDENTIALITY AGREEMENT

BEING DULY SWORN, I hereby attest to the following:

1. It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in *Propane Resources Supply & Marketing, L.L.C. v. Progas L.P. & Supply, Inc. et al*, by the United States District Court, District of Kansas; Case No. 12-CV-02636-EFM-DJW ("Court").

2. I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

3. I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

4. It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to legal action.

Dated: _____

_____
Signature

_____
Printed Name

Subscribed and sworn to before me this \_\_\_ day of _____, 201\_\_. Witness my hand and official seal.

_____
Notary Public

My Commission Expires:

_____

**EXHIBIT A**